**Rick VELEZ, Plaintiff—Appellant,**

v.

**INTERNATIONAL LONGSHORE-MEN'S AND WAREHOUSEMEN'S UNION; Local 23; Pacific Maritime Association, Defendants—Appellees.**

No. 01–35672.

D.C. No. CV–00–05394–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2003.*

Decided April 14, 2003.

* This panel unanimously finds this case suit-   able for decision without oral argument. See

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before D.W. NELSON and THOMAS, Circuit Judges, and ILLSTON, District Judge.**

## MEMORANDUM***

Rick Velez appeals the district court's order granting summary judgment against him. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

The district court properly granted summary judgment on Velez's claim that the International Longshoremen's and Warehousemen's Union, Local 23 ("the Local Union"), breached its duty of fair representation. "A union breaches its duty of fair representation only if its conduct is arbitrary, discriminatory, or in bad faith." *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir.2002). Mere negligence in the handling of a grievance does not breach the duty of fair representation. *See, e.g., Patterson v. Int'l*

---

Fed. R.App. P. 34(a)(2).

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Bhd. of Teamsters, Local 959,* 121 F.3d 1345, 1349 (9th Cir.1997); *Stevens v. Moore Bus. Forms, Inc.,* 18 F.3d 1443, 1447 (9th Cir.1994). The question of whether the conduct is arbitrary is only relevant if the union's conduct was procedural or ministerial and did not require the exercise of judgment; otherwise, the employee must show bad faith or discrimination. *See, e.g., Banks v. Bethlehem Steel Corp.,* 870 F.2d 1438, 1442 (9th Cir.1989) (citing *Peterson v. Kennedy,* 771 F.2d 1244, 1254 (9th Cir.1985)).

Velez does not allege that the Local Union's conduct was discriminatory or in bad faith. Therefore, Velez's claim necessarily fails if either (1) the Local Union's conduct was the result of an exercise of judgment; or (2) the Local Union's conduct was not arbitrary as a matter of law. Here, the collective bargaining agreement clearly provided the Local Union with discretion as to the timing of grievance filings. Further, the Local Union made an ample showing that there was a rational basis for its attempt to obtain reinstatement through informal negotiations before pursuing formal arbitration. Thus, as a matter of law, there was no breach of the duty of fair representation by the Local Union in this case.

## II

■ The district court also properly granted summary judgment on Velez's claim that the International Longshore and Warehouse Union ("the International Union") breached its duty of fair representation in its handling of the appeal of the Vekich decision before the arbitrator. Specifically, he argues that the International Union acted "arbitrarily" by (1) failing to object to the Pacific Maritime Association's introduction of evidence for the first time on appeal concerning the International Union's purported delay in bringing the case to arbitration; (2) failing to introduce evidence or call witnesses as to why it had delayed seeking arbitration; and (3) failing to object after the ruling to the arbitrator's purported "clerical error" in reducing the award of back pay.

A careful review of the record demonstrates that, in all respects, the International Union's decisions required the exercise of judgment. Therefore, Velez's challenge fails as a matter of law because he has not alleged bad faith or discrimination. *See, e.g., Conkle v. Jeong,* 73 F.3d 909, 916 (9th Cir.1995). Further, the Union's handling of the grievance hearing had a rational basis and therefore was not arbitrary. *See Truesdell,* 293 F.3d at 1153; *see also Peterson,* 771 F.2d at 1254 ("[A] union's conduct may not be deemed arbitrary simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing.").

## III

■ The district court did not err in declining to vacate the arbitrator's decision. An arbitrator's decision is awarded "a nearly unparalleled degree of deference." *Stead Motors v. Auto. Machinists Lodge No. 1173,* 886 F.2d 1200, 1204 (9th Cir.1989). A federal court will defer to that decision "as long as the arbitrator even arguably construed or applied the contract." *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1997). Velez argues that the arbitrator exceed his authority under the collective bargaining agreement. However, "[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce an award." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424

(1960). Only when the arbitrator ignores the contract's plain language and instead dispenses "his own brand of industrial justice" can the judgment be reversed. *Id.* Here, the arbitrator's authority to finally and conclusively determine disputes before him is reiterated throughout the collective bargaining agreement, and nothing in the agreement limits his authority to determine an appropriate remedy for such disputes.

In sum, Velez's arguments are wholly without merit.[1]

**AFFIRMED.**

---

1. Although we have discretion to impose sanctions for filing a frivolous appeal, *see* 28 U.S.C § 1912, we decline to exercise our discretion to do so in this instance. Therefore, we deny Appellees' motion for the imposition of sanctions.

